**Supreme Court**
No. 2014-208-Appeal.

Thomas McMahon          :

v.                  :

Deutsche Bank National Trust    :
Company et al.

**O R D E R**

This case came before the Supreme Court on October 28, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Before this Court, the plaintiff, Thomas McMahon, appeals from the grants of summary judgment in the Superior Court in favor of the defendants, Deutsche Bank National Trust Company (Deutsche), Westcott Properties, Inc. (Westcott), and Michelle Savastano (Savastano). We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

On March 7, 2011, plaintiff filed a negligence action in the Kent County Superior Court against Deutsche, Westcott, Savastano, and additional co-defendants that are not parties to this appeal. The plaintiff sought to recover damages for injuries he allegedly sustained when he slipped and fell on real property located at 244 Atlantic Avenue in Warwick, Rhode Island. The plaintiff alleged that, as a prospective buyer, he had visited the property with Savastano, a real estate broker employed by Westcott, the realty agency; he further alleged that Deutsche possessed a "security interest" in the property. Westcott and Savastano moved for summary judgment on November 4, 2013, and Deutsche filed its summary-judgment motion separately on

November 5, 2013. The Superior Court justice granted both motions on November 20, 2013. The order granting summary judgment for Deutsche entered on November 20, 2013, and the order on Westcott and Savastano's motion entered on November 29, 2013. The plaintiff filed a timely notice of appeal.

In support of his appeal, plaintiff submitted to this Court a prebriefing statement, as required by Article I, Rule 12A(1) of the Supreme Court Rules of Appellate Procedure, in which he asserted that the grants of summary judgment were in error. In a single paragraph, plaintiff presented his argument: that the evidence in the case "raised genuine issues of material fact" and that "adequate support" for his allegations existed. The prebriefing statement failed to specify, in any way, what genuine issues of material fact existed such that the summary judgments should be vacated, nor did it articulate which evidence supports plaintiff's allegations. The plaintiff did not provide citations to either the pleadings or any substantive legal authority to escape judgment as a matter of law.

The specifications of a prebriefing statement are outlined by Rule 12A(1), which provides, in relevant part: "Within twenty (20) days after the docketing of the record of an appeal with the clerk of the Supreme Court, * * * the appellant * * * shall file a statement of the case and a summary of the issues proposed to be argued * * *."  If, thereafter, this Court issues a show-cause order, either party may submit a supplemental show-cause statement. Rule 12A(4). The prebriefing statement, read together with the supplemental show-cause statement, if submitted, "serves as the functional equivalent of [a] brief." Bowen Court Associates v. Ernst & Young, LLP, 818 A.2d 721, 728 n.3 (R.I. 2003).

The adherence by this Court to the raise-or-waive rule for appellate briefs is well established and codified by Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure. Rule 16(a) reads, in pertinent part:

> "Errors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court. In cases where it may be necessary for the Court to examine the evidence, the party shall specify in his or her brief the leading facts that the party deems to be established by the evidence, with a reference to the pages of the record and the appendix where the evidence of such facts may be found, which references will be relied upon by the Court in its consideration of such facts. Ordinarily the Court will not consider evidence not referenced in conformity with this subdivision."

Nor will this Court "search the record to substantiate that which a party alleges." Riley v. Stone, 900 A.2d 1087, 1098 n.14 (R.I. 2006). As we previously have explained, "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." Wilkinson v. State Crime Laboratory Commission, 788 A.2d 1129, 1131 n.1 (R.I. 2002).

In this case, the plaintiff has failed to present any argument grounded in specific facts and law to support his claim that the Superior Court justice erred in granting the summary judgments. We decline to scour the record to identify facts in support of the plaintiff's broad claims, and we will not give life to arguments that the plaintiff has failed to develop on his own. We deem the plaintiff's arguments in support of his appeal waived. Accord In re Jake G., 126 A.3d 450, 458 (R.I. 2015) (determining that a particular issue was not properly before the Court where the respondent did not include facts or law to support arguments on appeal); Horton v. Portsmouth Police Department, 22 A.3d 1115, 1130 (R.I. 2011) (holding that "a bare one-line 'summary' of each" issue on appeal fails to comport with the strictures of Rule 16); Kurczy v. St. Joseph

- 3 -

Veterans Association, Inc., 820 A.2d 929, 940-41 n.3 (R.I. 2003) (concluding that the appellant waived a particular issue on appeal by writing only four sentences in support of argument and excluding references to record). Accordingly, we decline to address the plaintiff's claims of error.

For the foregoing reasons, we affirm the judgment of the Superior Court.

Entered as an Order of this Court this **22nd** day of **February**, **2016**.

By Order,

_____/s/_____
Clerk



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Thomas McMahon v. Deutsche Bank National Trust Company et al.

**CASE NO:**  No. 2014-208-Appeal.
(KC 11-302)

**COURT:**  Supreme Court

**DATE ORDER FILED:**  February 22, 2016

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  N/A – Court Order

**SOURCE OF APPEAL:**  Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Derrin R. Almada, Esq.
Benjamin A. Pushner, Esq.

For Defendants:  Paul A. Anderson, Esq.
Joseph-Anthony DiMaio, Esq.