**Supreme Court**

| | | |
|---|---|---|
| Dante Giammarco | : | |
| v. | : | No. 2015-288-Appeal. |
| | | (P 05-914) |
| Diane Giammarco. | : | |
| | | |
| Diane Giammarco | : | |
| v. | : | No. 2015-289-Appeal. |
| | | (P 14-298M) |
| Dante Giammarco. | : | |

**O R D E R**

Protracted and fractious post-final-judgment matters brought this case before the Supreme Court on November 29, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.[1] We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Family Court.

---

[1] The appeals were consolidated for oral argument.

The defendant, Diane Giammarco, appeals from two orders of the Family Court stemming from the termination of the marriage of the parties.[2]  Before us, Diane argues that the Family Court general magistrate had "no judicial authority" to reduce her property settlement and alimony when he determined that Diane owed the plaintiff, Dante Giammarco, the sum of $26,234.16.[3]

Diane and Dante have been legally divorced for almost a decade; final judgment entered in their divorce on June 5, 2007.  That judgment apportioned the marital estate 65 percent to Dante and 35 percent to Diane, and awarded Diane $200 per week in alimony for three years. Diane appealed the Family Court's decision to this Court.  On November 7, 2008, in Giammarco v. Giammarco, 959 A.2d 531 (R.I. 2008) (mem.), we affirmed the Family Court's decision.

Shortly after our opinion was rendered, Dante filed a complaint for enforcement.  In that complaint, Dante contended that Diane owed him a sum in excess of $30,000.  In September 2009, the Family Court entered an order finding "that based on the testimony as elicited before [the] [c]ourt and further as a result of a summation presented by [Dante] to [the] [c]ourt that [Diane] owe[d] to him the sum of $26,234.16."[4]  It is important to note that Diane absented herself from the August 2009 hearing.

After the order was entered, the record indicates a lull in activity for two years; the next document was not filed until December 2011, when Diane submitted an affidavit in support of execution on property and an affidavit in support of execution of alimony.  In her affidavits,

---

[2] Although it is unclear from Diane's brief Rule 12A statement which Family Court orders she is appealing, the notices of appeal as well as Dante's Rule 12A statement indicate that her appeals are from the February 18, 2015, and April 2, 2015, Family Court orders.

[3] The parties' first names will be used throughout this order to avoid confusion.  No disrespect is intended.

[4] The parties refer to this order as the August 17, 2009, order since that was the date of the hearing; however, the order was actually issued on September 9, 2009.  For the sake of consistency and to avoid confusion, we will refer to this order as the August 2009 decision.

Diane contended that Dante owed her $273,371, plus interest, for her assignment of property, and $23,881 for alimony, both of which she claimed had been allocated to her in the final judgment of divorce.[5]

Dante adamantly contested Diane's assertions, arguing that, pursuant to the August 2009 decision, it was Diane who owed him money. In response to the affidavits filed by Diane, Dante filed a motion to adjudge Diane in contempt, claiming that she had refused to comply with the August 2009 decision. He later filed a motion for summary judgment with respect to this motion.

In July 2013, a year later and after a blizzard of motions, objections, affidavits, memoranda, and continuances, Diane filed a motion to vacate the August 2009 decision. It is noteworthy that the motion to vacate came four years after the original decision in 2009.

A hearing on Dante's motion for summary judgment and a litany of other unheard motions was eventually held on September 17, 2014. After hearing testimony from both Diane and Dante, the court determined that Diane had intentionally missed the August 2009 hearing and that all her motions were frivolous, because many of the issues already had been addressed and decided. Therefore, the court granted Dante's motion for summary judgment.

On February 18, 2015, an order entered that specified that, "[w]hile [Diane took] issue with the August 17, 2009 Order, [she] never appealed, never filed a Writ of Certiorari and did not file a Motion to Vacate said Order until four (4) years thereafter when her Motion to Vacate was filed on July 31, 2013." The order further characterized the motions filed by Diane as frivolous, "time and time again, asking for the same thing over and over again in a different way" and that they had "already been heard, already addressed in the Final Judgment and in a

---

[5] The motions to execute correlating with these affidavits were not filed until March 2012.

Post Final Judgment Motion[,] which put everything to rest in an Order from the August 17, 2009 hearing." After judgment entered on behalf of Dante, Diane appealed to this Court.

Then, in February 2014, Diane filed a miscellaneous complaint for post-judgment relief, again requesting the court to vacate the August 2009 decision. In response, Dante filed his own motion for relief, asking the court to dismiss Diane's complaint because the issues and parties in Diane's complaint were identical to the original case that was still pending. On April 2, 2015, the court denied Diane's miscellaneous complaint, making use of the same rationale employed in its previous order. Diane appealed that decision as well.

To support her appeals, Diane submitted a prebriefing statement to this Court, as required by Article I, Rule 12A(1) of the Supreme Court Rules of Appellate Procedure. She asserted that "[t]he Family Court had no judicial authority to reduce her property settlement and alimony which was approved by the Supreme Court[,]" demanding that "[t]hose past approved amounts * * * be reinstated with interest." However, the prebriefing statement failed to articulate with any specificity why the matters appealed from should be vacated. Diane merely repeated the terms of the court's 2007 final judgment, this Court's order affirming the 2007 final judgment, and the August 2009 decision. Moreover, although she appealed from the Family Court orders of February 18, 2015, and April 2, 2015, she aimed her argument at the order of August 2009, from which no appeal had been taken.

The requirements of a prebriefing statement are outlined in Rule 12A(1). Rule 12A(1) provides that "the appellant * * * shall file a statement of the case and a summary of the issues proposed to be argued * * *." Furthermore, this Court will not "search the record to substantiate that which a party alleges." McMahon v. Deutsche Bank National Trust Co., 131 A.3d 175, 176 (R.I. 2016) (mem.) (quoting Riley v. Stone, 900 A.2d 1087, 1098 n.14 (R.I. 2006)). "As we

previously have explained, '[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.'" Id. (quoting Wilkinson v. State Crime Laboratory Commission, 788 A.2d 1129, 1131 n.1 (R.I. 2002)).

Diane has failed to develop any argument grounded in specific facts and law to support her claim that the Family Court erred when it entered the orders from which she appeals. "We decline to scour the record to identify facts in support of [Diane's] broad claims, and we will not give life to arguments that [she] has failed to develop on [her] own." McMahon, 131 A.3d at 176. Accordingly, Diane's arguments are not properly before us and, thus, we must affirm the Family Court's ruling.[6]

For the foregoing reasons, we affirm the judgment of the Family Court.

Entered as an Order of this Court this 6th day of January, 2017.

By Order,

_____/s/_____
Clerk

---

[6] Although we need not address Diane's inadequate contentions, we pause to note that we discern no error in the Family Court justice's finding that Diane's July 2013 motion to vacate the August 2009 order was untimely. See Rule 60(b) of the Family Court Rules of Domestic Relations Procedure ("The motion shall be made within a reasonable time * * *."); see also Sansone v. Morton Machine Works, Inc., 957 A.2d 386, 396 (R.I. 2008) ("Motions based on Rule 60(b) must * * * be brought within a 'reasonable time' of the entry of the judgment that they propose to vacate."). Diane's four-year delay is anything but reasonable.


**TITLE OF CASE:**     Dante Giammarco v. Diane Giammarco.

Diane Giammarco v. Dante Giammarco.

**CASE NO:**     No. 2015-288-Appeal.
(P 05-914)

No. 2015-289-Appeal.
(P 14-298M)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     January 6, 2017

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Providence County Family Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia K. Asquith

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Jesse Nason, Esq.

For Defendant:   Samuel Kennedy-Smith, Esq.
Christopher Bijesse, Esq.