**Supreme Court**

No. 2016-344-Appeal.
(PC 10-3875)

| | |
|---|---|
| Hakeem Pelumi | : |
| v. | : |
| City of Woonsocket et al. | : |

**O R D E R**

The plaintiff, Hakeem Pelumi, appeals *pro se* from the Providence County Superior Court's May 9, 2016 grant of summary judgment in favor of the City of Woonsocket and the following city officials who were sued in their official capacities only:  Thomas Bruce (Treasurer); Thomas Carey (Chief of Police); and Edward Doura (Patrol and Arraigning Officer) (collectively, the Woonsocket defendants). The plaintiff also appeals from the January 12, 2015 decision granting the motion to dismiss all claims against defendant Richard Finnegan, a bail commissioner, who was sued in both his official and individual capacities. This case came before the Supreme Court for oral argument on February 7, 2018 pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

We begin by briefly summarizing the most pertinent underlying facts. On July 3, 2007, a Woonsocket police officer arrested plaintiff and charged him with disorderly conduct in violation of G.L. 1956 § 11-45-1. On July 4, 2007, after appearing before Bail Commissioner Finnegan at

the Woonsocket Police Station, plaintiff was released on personal recognizance, at which time Mr. Finnegan collected a $50 "[b]ail [c]ommissioner's fee"[1] from plaintiff. Subsequently, on July 23, 2007, plaintiff pled *nolo contendere* to the underlying charge, received a six-month suspended sentence, with probation, and was ordered to pay court costs.

After having filed an initial complaint in Superior Court on July 1, 2010, plaintiff filed an amended complaint in August of that year[2] alleging that, during the July 4, 2007 bail hearing, Mr. Finnegan and the Woonsocket defendants committed acts constituting "negligence," "deprivation," and violations of 42 U.S.C. § 1983 when Mr. Finnegan "unlawfully, willfully, negligently, and discriminatingly stole money from the Plaintiff * * * while other officers [were] watching and laughing * * *." (Internal quotation marks omitted.) The plaintiff alleged that he suffered "[h]umiliation, * * * emotion[al] distress, * * * [f]ear, * * * [l]oss of confidence, and police phobia," and he requested that he be awarded compensatory and punitive damages.

In February of 2014, Mr. Finnegan filed a motion to dismiss all claims against him based on the doctrine of judicial immunity. Thereafter, in April of 2014, the Woonsocket defendants and Mr. Finnegan filed separate motions for summary judgment. A justice of the Superior Court

---

[1] Pursuant to G.L. 1956 § 12-10-2(d), a bail commissioner is entitled to a statutory fee of at least $50 and up to $200, to be paid directly to the bail commissioner by the individual defendants appearing before him or her.

[2] Prior to commencing the instant action, plaintiff twice pursued virtually identical claims in federal court. The first of those actions (commenced in March of 2008) was dismissed with prejudice based on the federal court's determination that: (1) plaintiff's allegations were frivolous; (2) plaintiff failed to state a claim upon which relief could be granted; and (3) plaintiff sought monetary relief against a defendant who was immune from such relief. The second federal court action (filed in June of 2009) contained substantially similar allegations against the same parties, and it was dismissed based on the doctrine of *res judicata*.
While we are acutely cognizant of this history of litigation involving the same set of operative facts, we have chosen not to premise our disposition of the instant appeal on *res judicata* grounds. However, we certainly do not imply that that doctrine would not be applicable in this instance.

conducted a hearing on all three motions on May 22, 2014; and, in a written decision issued on January 12, 2015, he granted Mr. Finnegan's motion to dismiss. Additionally, the hearing justice granted the Woonsocket defendants' motion for summary judgment as to four counts, but he denied their motion as to two counts. After conducting additional discovery, the Woonsocket defendants again moved for summary judgment on the remaining counts. After a hearing, that motion for summary judgment was granted on May 9, 2016; and plaintiff timely appealed.

It is clear to us that plaintiff's perfunctory, one and one-half page submission to this Court falls woefully short of what is required by our rules.[3] The plaintiff has pointed to no material errors that occurred at the *nisi prius* level, nor has he cited to any facts in the record or legal authority that would make such error readily apparent. It is a basic principle of appellate practice that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017) (mem.) (internal quotation marks omitted). Where a plaintiff has failed to develop any argument grounded in specific facts and pertinent legal argumentation, this Court will "decline to scour the record to identify facts in support of the plaintiff's broad claims, and * * * will not give life to arguments that the plaintiff has failed to develop on his own." *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.); *see also Riley v. Stone*, 900 A.2d 1087, 1098 n.14 (R.I. 2006).

---

[3]    Article I, Rule 12A(1) of the Supreme Court Rules of Appellate Procedure provides, in pertinent part:

> "[T]he appellant * * * shall file a statement of the case and a summary of the issues proposed to be argued * * *. The statement shall include a copy of the judgment, order or other ruling which is the subject of the appeal or certiorari petition and the bench decision or written decision of the trial justice * * *."

- 3 -

We are aware of plaintiff's status as a *pro se* litigant. *See Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005) ("It is the right of litigants to represent themselves, although by doing so they assume a very difficult task."). Although we seek to be reasonably accommodating to such litigants, we "cannot and will not entirely overlook established rules of procedure, adherence to which is necessary [so] that parties may know their rights, that the real issue in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch." *Id.* (internal quotation marks omitted).

Accordingly, given the completely undeveloped nature of plaintiff's arguments on appeal and his failure to meaningfully inform this Court and defendants of the errors which he claims were committed below, we conclude that plaintiff has waived the right to appellate review. *See Nuzzo v. Nuzzo Campion Stone Enterprises, Inc.*, 137 A.3d 711, 717 (R.I. 2016) (declining to address an argument raised by an appellant on appeal due to his failure to have "directed our attention with specificity to any [alleged] error * * *"); *see also Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) ("Given the cursory and undeveloped nature of [plaintiff's] prebriefing statement, and its failure to apprise either this Court or the defendant of the issues he is arguing on appeal, we deem these issues waived."); *Town Houses at Bonnet Shores Condominium Association v. Langlois*, 45 A.3d 577, 584 (R.I. 2012) (indicating that the appellant's contentions on appeal were "meritless because they were not sufficiently developed in his written submissions to this Court").

Before concluding, we pause to unequivocally inform the plaintiff that he has had his day in court—and then some! There comes a point when it is time to write "*the end*" with respect to a particular piece of litigation, and that point has certainly been reached with respect to the instant case. *See, e.g.*, *Estate of Mitchell v. Gorman*, 970 A.2d 1, 6 (R.I. 2009) ("[I]t is time to bring this

matter, at long last, to its conclusion."); *Palazzo v. Alves*, 944 A.2d 144, 155 (R.I. 2008) ("There is nothing more to be said; this case is over."); *Arena v. City of Providence*, 919 A.2d 379, 396 (R.I. 2007) ("It is time for this litigation to end."); *Northern Trust Co. v. Zoning Board of Review of Town of Westerly*, 899 A.2d 517, 520 (R.I. 2006) (mem.) ("The time has come for this litigation to end.").

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record may be remanded to that tribunal.

Entered as an Order of this Court, this 4th day of April, 2018.

By Order,

/s/

Clerk

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Hakeem Pelumi v. City of Woonsocket et al. | |
| **Case Number** | No. 2016-344-Appeal. (PC 10-3875) | |
| **Date Order Filed** | April 4, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Hakeem Pelumi, Pro Se | |
| | For Defendants:<br><br>Krista J. Schmitz, Esq.<br>Arthur M. Read II, Esq. | |