**Supreme Court**
No. 2017-65-Appeal.

|  |  |
|---|---|
| Marsha Jacavone | : |
| v. | : |
| Donald Coletti et al. | : |

**O R D E R**

The plaintiff, Marsha Jacavone, appeals from a Superior Court order denying her request for injunctive relief against the defendant, Donald Coletti.  In November 2016, the plaintiff filed a complaint seeking injunctive relief to prevent being evicted from her home.  In the complaint, she named two defendants, but served only one with process, Donald Coletti.  The plaintiff obtained a temporary restraining order against the defendant to stay the eviction, but, after a hearing, her request for a preliminary injunction was denied by a justice of the Superior Court.  Shortly thereafter, the plaintiff's temporary restraining order was dissolved and her case against the defendant was dismissed, apparently on the ground that injunctive relief against the defendant, who was a real estate broker for Federal National Mortgage Association, was futile.  In other words, the justice reasoned that an injunction against Coletti would have no impact on any eviction because he had no ownership interest in the property and was not the party seeking eviction.  The plaintiff timely appealed to this Court.

The plaintiff, who appears *pro se*, has provided this Court with two filings pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure: a statement of the case

and a supplemental statement. However, nowhere in those filings does the plaintiff articulate any legal error with respect to the hearing justice's denial of her request for injunctive relief. *See McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.); *see also* Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure (stating in relevant part that "[t]he brief shall contain * * * a specification of the errors claimed" and that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court"). As we have explained, "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)). The plaintiff's failure to "direct[] our attention with specificity to any error that [s]he alleges has been committed" is fatal to her appeal. *Id.* (quoting *Nuzzo v. Nuzzo Campion Stone Enterprises, Inc.*, 137 A.3d 175, 176 (R.I. 2016)).

Accordingly, because injunctive relief against the defendant would be futile, and without any articulable points of error before this Court, we must affirm the order of the Superior Court denying the plaintiff's request for injunctive relief. The papers shall be returned to that court.

Entered as an Order of this Court this 10th day of April, 2018.

By Order,

_____/s/_____

Clerk

STATE OF RHODE ISLAND AND **[seal]** PROVIDENCE PLANTATIONS

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Marsha Jacavone v. Donald Coletti et al. | |
| **Case Number** | No. 2017-65-Appeal.<br>(PC 16-5506) | |
| **Date Order Filed** | April 10, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Marsha Jacavone, Pro Se | |
| | For Defendants:<br><br>Scott C. Owens, Esq. | |

SU-CMS-02B (revised November 2016)