**Supreme Court**
No. 2017-252-Appeal.

|  |  |  |
|---|---|---|
| Judith P. Bowman | : | |
| v. | : | |
| Julian P. Forgue. | : | |

**O R D E R**

This case is before the Court on appeal by the plaintiff, Judith P. Bowman (plaintiff), a *pro se* litigant, from a decision of the Family Court. The plaintiff filed a motion to amend or alter the final judgment in a divorce action against Julian P. Forgue (defendant), as well as two additional motions. Although the general magistrate of the Family Court heard the plaintiff's motions and granted the plaintiff partial relief, which was then upheld by a trial justice of the Family Court, the plaintiff nonetheless appealed to this Court. For the reasons discussed herein, we affirm the order of the Family Court.

By way of background, the parties met in 2006 through an online dating service and were married a year later; however, their love story proved to be less than harmonious. On March 1, 2013, the parties separated, and on January 24, 2014, plaintiff filed a complaint for divorce against defendant. A lengthy trial ensued, spanning more than twelve days. On February 24, 2016, a magistrate of the Family Court issued a fifty-nine-page decision finding that there were irreconcilable differences that had caused the irremediable breakdown of the marriage. A decision pending entry of final judgment was entered on March 29, 2016. There was no appeal.

However, on May 31, 2016, plaintiff filed a "Motion to Allow Further Evidence to Support Plaintiff's Motion to Alter or Amend Judgment," in accordance with Rule 59(e) of the

- 1 -

Family Court Rules of Procedure for Domestic Relations. The plaintiff contended that newly discovered evidence, not available during trial, established that defendant had concealed certain financial information during the divorce proceeding. Additionally, plaintiff contended that it was necessary to alter or amend the final judgment because the judgment was unjust and based on clear error. On June 23, 2016, a hearing was held on the motion. The magistrate determined that plaintiff's argument—that the judgment was unjust—was not a proper basis for the granting of plaintiff's motion to amend the final judgment. However, the magistrate did find that one salient issue remained in the case, concerning defendant's failure to disclose, at trial, the sale of an asset identified as the Tourtellot property. The magistrate scheduled an evidentiary hearing on this issue for November 15, 2016, and denied all other issues because they had previously been adjudicated, were not newly discovered evidence, or were not properly before the court.

On January 6, 2017, the magistrate issued a written decision addressing the "Plaintiff's Motion to Allow Further Evidence to Support Plaintiff's Motion to Alter or Amend Judgment," as well as two additional motions subsequently filed by plaintiff: "Plaintiff's Motion to Adjudge in Willful Contempt by Defendant" and "Plaintiff's Motion to Request Court to order Defendant to turn over Plaintiff's personal property and belongings still being held by Defendant."[1] The magistrate granted plaintiff's motion to amend or alter the judgment as it pertained to the Tourtellot property. The magistrate determined that, while the purchase of the Tourtellot property was made with premarital funds, plaintiff's efforts during the course of the couple's marriage had increased the value of the property. Therefore, the magistrate found that the increase in value was martial property. He also found that defendant's failure to disclose the sale

---

[1] With respect to plaintiff's motion to adjudge defendant in contempt, plaintiff alleged that payments owed to her by defendant were not timely made and that defendant should be held in contempt.

of the property during the trial affected plaintiff's rights, and therefore, he compensated plaintiff by awarding her 60 percent of the growth in value. He also ordered defendant to pay plaintiff in one lump-sum payment. The magistrate denied plaintiff's motion to adjudge defendant in willful contempt and denied plaintiff's motion requesting that the court order defendant to turn over certain personal property, concluding that the issue was barred by principles of *res judicata*. Both plaintiff and defendant appealed the magistrate's decision to a trial justice of the Family Court.

On March 21, 2017, the trial justice conducted a hearing on both appeals. The trial justice determined that only four issues were properly before him on appeal: 1) whether the magistrate was correct in concluding that the appreciated value of the Tourtellot property was a marital asset; 2) whether the magistrate erred by ordering defendant to pay plaintiff in one lump-sum payment; 3) whether the magistrate erred by denying plaintiff's motion to order defendant to turn over certain personal property; and 4) whether the magistrate erred by denying plaintiff's motion to adjudge defendant in contempt. The trial justice affirmed the magistrate's finding that plaintiff's efforts had increased the value of the property such that the appreciation was a marital asset. He also affirmed the magistrate's award to plaintiff of 60 percent of the growth in value of the property; however, the trial justice amended the decision to correct a mathematical calculation.[2] The trial justice further amended the magistrate's decision to order defendant to return certain personal property that defendant admitted was in his possession.[3] Lastly, the trial justice affirmed the magistrate's order requiring defendant to pay plaintiff in one lump-sum

---

[2] The magistrate had incorrectly calculated 60 percent of the growth in value as $69,000; the correct amount was $57,000.

[3] Specifically, a French buffet and a dining room table with five matching chairs.

payment, as well as the denial of plaintiff's motion to hold defendant in contempt.[4]  Thus, of the four issues before the trial justice on appeal, plaintiff prevailed on all of them.  Nevertheless, she filed an appeal to this Court.

We begin by noting that this Court's review was confined to the Family Court trial justice's decision relative to plaintiff's Rule 59(e) motion to amend or alter the judgment.  In an appeal seeking relief from a decision of the Family Court, it is the plaintiff's burden to show "that the trial justice abused his [or her] discretion or committed an error of law."  *Rodriguez v. Virgilio* 58 A.3d 914, 915 (R.I. 2012) (mem.).  The plaintiff has failed to make any showing that the trial justice abused his discretion regarding the four issues that were before him; and this Court will not "scour the record to identify facts in support of [plaintiff's] broad claims, and we will not give life to arguments that [she] has failed to develop on [her] own."  *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017) (quoting *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.)).

While we certainly appreciate that it was the right of plaintiff to proceed *pro se* throughout the course of this case, we note that "by doing so [she] assume[d] a very difficult task."  *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005).  "[T]he courts of this state cannot and will not entirely overlook established rules of procedure, adherence to which is necessary [so] that parties may know their rights, that the real issue in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch."  *Id.* (quoting *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1989)).

In the case at bar, plaintiff has presented a litany of issues to this Court, none of which are properly before us.  Moreover, plaintiff has not provided this Court with any evidence or

---

[4] The trial justice acknowledged that an agreement had been reached between the parties regarding the unpaid court-ordered payments to plaintiff.

meaningful discussion regarding how the trial justice, in addressing the limited issues before him, committed an error of law or abused his discretion. Accordingly, we affirm the order of the Family Court.

## Conclusion

For the reasons set forth above, we affirm the order of the Family Court. We remand the record to the Family Court.

Entered as an Order of this Court this 8th day of June, 2018.

By Order,


Clerk

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Judith P. Bowman v. Julian P. Forgue. | |
| **Case Number** | No. 2017-252-Appeal.<br>(P 14-152) | |
| **Date Order Filed** | June 8, 2018 | |
| **Justices** | Suttell, C.J.,  Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Family Court | |
| **Judicial Officer From Lower Court** | Associate Justice Howard I. Lipsey | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Judith P.  Bowman, Pro Se | |
| | For Defendant:<br><br>Jesse Nason, Esq. | |

SU-CMS-02B (revised November 2016)