Supreme Court
No. 2017-349-Appeal.
(WM 14-15)

Harold Drew                          :

v.                          :

State of Rhode Island.               :

**O R D E R**

The applicant, Harold Drew, appeals from a Superior Court judgment denying and dismissing his application for postconviction relief.[1]  This case came before this Court for oral argument on November 27, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed on behalf of the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.

In 2005, Drew was convicted of first degree murder, discharging a firearm during a crime of violence, and three counts of entering a dwelling with intent to commit a larceny therein, all relating to the 2003 murder of Harold Jackson Andrews.  Drew's convictions for first degree murder and discharging a firearm during a crime of violence resulted in two consecutive life terms of imprisonment at the Adult Correctional Institutions, and he received ten years to serve for each of the three counts of breaking and entering, which were to be served concurrently with

---

[1] We note that G.L. 1956 § 10-9.1-9 was amended in June 2015, and now requires an aggrieved party to file a petition for certiorari to review the denial of an application for postconviction

- 1 -

each other and the sentence for first degree murder. His conviction was affirmed by this Court in 2007. *State v. Drew*, 919 A.2d 397 (R.I. 2007). Drew later filed a new trial motion in the Superior Court on the grounds of newly discovered evidence; that motion was denied, and that denial was affirmed by this Court in 2013. *State v. Drew*, 79 A.3d 32, 34, 36 (R.I. 2013).

In 2014, following that appeal, Drew filed an application for postconviction relief in the Superior Court.[2] During the jury's deliberation at his criminal trial, the jury had requested that a portion of the trial testimony of the only other eyewitness to Mr. Andrews's murder be read back to the jury; the testimony related to the position of the victim, Drew, and the eyewitness in relation to a pathway and a road at the time Mr. Andrews was shot and killed. Drew argued that the position of the three individuals was important because it could confirm, based on the trajectory of the bullet, that it could have been the eyewitness, and not Drew, who shot and killed Mr. Andrews. Drew contended in his postconviction relief memorandum that the trial justice erred in reading too little of the trial testimony to the jury.[3] He also claimed that his trial counsel was deficient because he failed to object to certain portions of the eyewitness's testimony that had been read to the jury and he had failed to ensure that a record was maintained as to those portions of the testimony that the jury heard. The hearing justice denied Drew's application, and Drew timely appealed to this Court.

On appeal, Drew, in a two-page statement submitted pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure that is bereft of any citation to the record or to

relief. *See* P.L. 2015, ch. 91, § 1; P.L. 2015, ch. 92, § 1. Drew's notice of appeal was filed on February 17, 2015, before the amendment took effect, and therefore his appeal is proper.
[2] The record reflects that Drew originally filed a *pro se* application for postconviction relief, in which he raised five issues. However, after counsel was appointed to represent him, he agreed to withdraw four of those five issues and filed a new postconviction relief memorandum addressing the remaining issue, discussed *infra*.
[3] Drew raised this issue in his first appeal from his conviction, but withdrew the argument. *State v. Drew*, 919 A.2d 397, 403 n.5 (R.I. 2007).

supporting authority, merely states that "the point to be argued is missing transcript pages and proceedings in the Superior Court and the appellate Court thereafter." After the appeal was assigned to the show cause calendar for argument, Drew followed his short and unclear prebriefing statement with an equally insufficient two-page supplemental statement that provides only the following as his argument:

> "The Petitioner claims that the point to be argued is that there are missing transcript pages in the proceedings in the Superior Court and in the travel of the case in the Appellate Court thereafter. This issue is a meritorious ground to proceed further and is ground for the finding of guilty by the jury to be overturned since these missing pages are a benefit to the State of Rhode Island and are a detriment to the preparation of the Petitioner's arguments."

Rule 12A(1) requires that "the appellant * * * shall file a statement of the case and a summary of the issues proposed to be argued" in his or her prebriefing statement. *See Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017) (mem.). We have repeatedly held that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Dunn's Corners Fire District v. Westerly Ambulance Corps*, 184 A.3d 230, 235 (R.I. 2018) (quoting *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.)); *see also Terzian v. Lombardi*, 180 A.3d 555, 557 (R.I. 2018) ("We have consistently made it clear that, under our raise-or-waive rule, '[e]ven when a party has properly preserved its alleged error of law in the lower court, a failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand.'") (quoting *McGarry v. Pielech*, 108 A.3d 998, 1005 (R.I. 2015)). Moreover, "we will not 'scour the record to identify facts in support of the plaintiff's broad claims, and we will not give life to arguments that the

plaintiff has failed to develop on his own.'" *Terzian*, 180 A.3d at 558 (quoting *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.)).

Here, Drew has failed to provide a meaningful, or even intelligible, discussion of the "missing transcript pages" issue in either of his filings with this Court. His memoranda do not contain any citations to documents, precedent, transcripts, or any part of the record of this case. Moreover, Drew does not cite to any authority to support any legal argument, if there is one, and does not direct this Court to any error committed by the hearing justice or by his counsel. We therefore have no choice but to deny Drew's appeal.

For the foregoing reasons, we affirm the judgment of the Superior Court.

Entered as an Order of this Court this 7th day of January, 2019.

/s/
_____
Clerk

- 4 -

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Harold Drew v. State of Rhode Island. | |
| **Case Number** | No. 2017-349-Appeal. <br> (WM 14-15) | |
| **Date Order Filed** | January 7, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Edward C. Clifton | |
| **Attorney(s) on Appeal** | For Applicant: <br><br> Paul Dinsmore, Esq. | |
| | For State: <br><br> Aaron L. Weisman <br> Department of Attorney General | |