June 6, 2023

**Supreme Court**

No. 2022-130-Appeal.
(PC 22-890)

Gary V. Jenkins            :

           v.              :

City of East Providence et al.    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Gary V. Jenkins        :

v.        :

City of East Providence et al.        :

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

# O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on February 23, 2023, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Gary V. Jenkins, appeals *pro se* from the denial of his petition for writ of mandamus and dismissal of his complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Superior Court Rules of Civil Procedure.[1]  After reviewing the parties' memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal may be decided at this time.  For the reasons set forth herein, we affirm the order of the Superior Court.

---

[1] Because the plaintiff elected not to appear for oral argument, this case is decided on the basis of the briefs.

**Facts and Travel**

The plaintiff was employed by the City of East Providence (the City) for over twenty-four years. Sometime in 2018, plaintiff's employment with the City ended. Following plaintiff's termination, plaintiff and the City signed a Memorandum of Agreement (the agreement). The agreement contained various provisions, including plaintiff's retirement benefits, the issuance of a corrected W-2 to reflect plaintiff's injured-on-duty status, and a provision explaining that enforcement of the agreement was subject to the grievance and arbitration provisions of the collective bargaining agreement. The plaintiff attempted to rescind the agreement, and the City subsequently filed a petition to enforce the agreement in the Superior Court. After a six-day bench trial, the trial justice found that a valid, binding, and enforceable agreement was reached between the parties, and judgment was entered in favor of the City. The plaintiff appealed the judgment, but the appeal was dismissed as untimely.[2]

The plaintiff then initiated the instant case by filing a complaint and a petition for writ of mandamus against the City and the East Providence Firefighters, IAFF, AFL-CIO, Local 850 (the Union), on February 14, 2022, asking the Superior Court

---

[2] The plaintiff's appeal was dismissed because it was not filed within twenty days of the date of the entry of judgment as required under Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure.

to abrogate the agreement regarding the period of his injured-on-duty status.[3] The plaintiff also requested corrected tax documentation reflecting his injured-on-duty benefits.

The Union objected to the petition for writ of mandamus and filed a motion to dismiss. The Union argued that the Superior Court previously decided that plaintiff was bound by the agreement, and, therefore, plaintiff was not entitled to relief under any set of conceivable facts. The Union further maintained that, even if plaintiff was not provided with proper tax documentation, only the City may furnish tax documentation, and, as a result, plaintiff's complaint failed to state a cause of action against the Union.

The City joined in the Union's objection and also filed a motion to dismiss. The City argued that these issues had been previously adjudicated, and further, that the City did in fact produce an amended W-2 to reflect plaintiff's injured-on-duty status. It is the content of these W-2s that is at issue in this case.

A hearing was held on March 4, 2022, on plaintiff's petition for writ of mandamus and defendants' motion to dismiss. The trial justice explained that because the agreement mandated that enforcement was subject to grievance and arbitration procedures, the court lacked the authority to proceed. The trial justice

---

[3] The defendants represented, and the trial justice noted, that plaintiff has filed, in total, seven separate civil actions presenting the same issues that are raised in this case.

- 3 -

also concluded that plaintiff failed to establish the three required elements that would entitle him to a writ of mandamus and denied the petition. As a result, the trial justice granted defendants' motion to dismiss based on Rule 12(b)(1). The trial justice, relying on the doctrine of *res judicata*, also granted defendants' motion to dismiss based on Rule 12(b)(6). The plaintiff appealed.

## Standard of Review

"[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint." *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 277 (R.I. 2011) (quoting *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* at 278. "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Id.* "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts[.]'" *Id.* (quoting *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I. 2000)).

"[A] motion under Rule 12(b)(1) questions a court's authority to adjudicate a particular controversy before it." *Barnes v. Rhode Island Public Transit Authority*, 242 A.3d 32, 36 (R.I. 2020) (quoting *Boyer v. Bedrosian*, 57 A.3d 259, 270 (R.I. 2012)). "This Court reviews *de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Id.* (quoting *Long v. Dell, Inc.*, 984 A.2d 1074, 1078

(R.I. 2009)). "In ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. A court may consider any evidence it deems necessary to settle the jurisdictional question." *Id.* (quoting *Boyer*, 57 A.3d at 270).

"A writ of mandamus is an extreme remedy." *Muschiano v. Travers*, 973 A.2d 515, 520 (R.I. 2009) (quoting *New England Development, LLC v. Berg*, 913 A.2d 363, 368 (R.I. 2007)).

> "This Court clearly and repeatedly has established the requirements for issuing such a writ: it 'will be issued only when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has a ministerial duty to perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law.'" *Id.* (quoting *Berg*, 913 A.2d at 368).

We "will not disturb the findings of a trial justice sitting without a jury in a civil matter unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Id.* at 521 (quoting *Union Station Associates v. Rossi*, 862 A.2d 185, 193 (R.I. 2004)).

## Analysis

We note at the outset that although plaintiff has submitted a memorandum of law to this Court, he has not provided any meaningful discussion of the issues on appeal as required by Article I, Rule 12A of the Supreme Court Rules of Appellate

Procedure.[4] "This Court has consistently held that '[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.'" *Barnes*, 242 A.3d at 36-37 (quoting *Fisher v. Applebaum*, 947 A.2d 248, 252 (R.I. 2008)). Furthermore, this Court "will not search the record to substantiate that which a party alleges." *Riley v. Stone*, 900 A.2d 1087, 1098 n.14 (R.I. 2006). Although we have repeatedly recognized that "litigants have the right to represent themselves as *pro se* litigants, 'the courts of this state cannot and will not entirely overlook established rules of procedure * * *.'" *Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 84 (R.I. 2001) (quoting *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987)). Both sides have a legitimate expectation of a level playing field.

In the case at bar, plaintiff has failed to present any argument grounded in specific facts or law to support his claim that the trial justice erred in denying his petition for writ of mandamus and dismissing his complaint. The plaintiff asserts that: "[j]udicial error may have occurred due to Rule 9(c) CONDITIONS

---

[4] Article I, Rule 12A(1) of the Supreme Court Rules of Appellate Procedure requires an appellant to "file a statement of the case and a summary of the issues proposed to be argued * * *."

- 6 -

PRECEDENT and Rule 9(d) OFFICIAL DOCUMENT OR ACT * * *."[5]  However, plaintiff fails to develop this argument beyond this conclusory assertion. Furthermore, plaintiff avers that "[r]es [j]udicata is not applicable to precedent condition," but he once again fails to provide any legal or factual support for this assertion.  Additionally, a review of the record reveals that these arguments were not raised in the trial court, and are therefore deemed waived.

As we have explained previously, "we will not give life to arguments the plaintiff has failed to develop on his own." *McMahon v. Deutsche Bank National Trust Company*, 131 A.3d 175, 176 (R.I. 2016).  Given the cursory nature of plaintiff's Rule 12A Statement, and its failure to inform this Court of the issues argued on appeal, we deem these issues waived.  Furthermore, although the plaintiff's papers are less than clear, it is undisputed that this case is barred by *res judicata*.[6]  The issues raised in this case have been finally adjudicated and have been laid to rest.

---

[5] Rule 9 of the Superior Court Rules of Civil Procedure governs pleading special matters.  Rule 9(c) states, "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.  A denial of performance or occurrence shall be made specifically and with particularity."  Rule 9(d) states, "[i]n pleading an official document or official act it is sufficient to aver that the document was issued, or the act done in compliance with law."

[6] *Res judicata* is a legal doctrine which "makes a prior judgment in a civil action between the same parties conclusive with regard to any issues that were litigated in the prior action, or that could have been presented and litigated therein." *ElGabri v.*

**Conclusion**

For the reasons set forth in this opinion, the order of the Superior Court is affirmed. The papers may be returned to the Superior Court.

Justice Long did not participate.

---

*Lekas*, 681 A.2d 271, 275 (R.I. 1996). "In order for *res judicata* to apply in a subsequent proceeding, four elements must be met: (1) identity of the parties; (2) identity of the issues; (3) identity of the claims for relief; and (4) finality of the judgment." *Ouimette v. State*, 785 A.2d 1132, 1138 (R.I. 2001).

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Gary V. Jenkins v. City of East Providence et al. |
| **Case Number** | No. 2022-130-Appeal. (PC 22-890) |
| **Date Opinion Filed** | June 6, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Linda Rekas Sloan |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Gary Jenkins, *pro se* <br> For Defendants: <br><br> Matthew T. Oliverio, Esq. <br> Joseph F. Penza, Jr., Esq. |