**Supreme Court**
No. 2024-224-Appeal.

|  |  |
|---|---|
| Eddy Mendez | : |
| v. | : |
| Jennifer Arancibia. | : |

# O R D E R

The plaintiff, Eddy Mendez (plaintiff or Mendez), appeals from a Family Court decision pending entry of final judgment that awarded the defendant, Jennifer Arancibia (defendant or Arancibia), *inter alia*, sole custody and primary physical placement of the parties' shared minor child along with other conditions imposed by the trial justice. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. We conclude that cause has not been shown and we proceed to decide the appeal at this time. For the reasons set forth herein, we affirm.

By way of background, plaintiff and defendant met in Bolivia, moved to Rhode Island, and married on August 18, 2013. During their marriage, they had one child, who, notably, was born in Bolivia and spent the first three and one-half years of his childhood in Bolivia with defendant and her extended family. The

- 1 -

plaintiff initiated this divorce action in the Family Court on July 16, 2021, asserting that irreconcilable differences had led to the irremediable breakdown of the marriage. The defendant filed an answer and counterclaim on August 13, 2021.

Throughout the divorce proceedings, plaintiff was represented by four attorneys, all of whom eventually moved to withdraw from representing him.[1] On the day trial was scheduled to commence, plaintiff fired his fifth counsel and proceeded *pro se*. Several witnesses testified at trial, including a clinical social worker, Margarita Caballero-Snyder; plaintiff's psychiatrist, Robert Kohn, M.D.; the minor child's guardian *ad litem*, Attorney Susan Pires; and defendant.

After hearing the testimony and considering the parties' arguments, the trial justice issued a twenty-two-page written decision and awarded defendant sole custody of the minor child and also granted defendant's request to relocate to Bolivia. The trial justice comprehensively reviewed and articulated the factors pronounced by this Court's decision in *Pettinato v. Pettinato*, 582 A.2d 909 (R.I. 1990), to determine the best interests of the child and the factors enumerated by this

---

[1] At oral argument, plaintiff was represented by his sixth legal counsel, who failed to appear for argument on May 7, 2025. On May 8, 2025, this Court ordered counsel "to show cause why he should not be held in contempt based on his failure to comply with this Court's May 6, 2025 Order," which denied his motion to withdraw and directed him to appear.

Despite counsel's failure to appear before this Court for oral argument, we nonetheless proceed to decide the case based on the parties' filings.

Court in *Dupré v. Dupré*, 857 A.2d 242 (R.I. 2004), relating to relocation. The trial justice concluded, *inter alia*, that awarding plaintiff custody of his son "is not possible, nor in the best interest of [the child]." Based on the evidence presented at trial, the trial justice determined that defendant has been the primary caretaker of the minor child; the child has expressed that he wishes to remain with his mother and his desire to return to Bolivia; and neither plaintiff nor defendant has any support from extended family in Rhode Island. Therefore, the trial justice concluded that defendant shall be awarded "sole custody and primary physical placement of the minor child" and permitted defendant to "relocate to Bolivia with the minor child * * *." However, after awarding sole custody to defendant, the trial justice also awarded plaintiff visitation "any time when he visits Bolivia" and ruled that defendant "shall travel with the minor child to stay in * * * Rhode Island for one (1) week each July so that [p]laintiff shall have a daily visit with the minor child * * *."

On appeal, plaintiff raises three issues, contending (1) that the trial justice erred in granting defendant's request to relocate with the minor child to Bolivia; (2) that the trial justice erred in denying plaintiff's request for a continuance to seek new counsel; and (3) that it was error when the court rejected plaintiff's efforts to present certain evidence.

"This Court has consistently held that simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Jenkins v. City of East Providence*, 293 A.3d 1267, 1271 (R.I. 2023) (quoting *Barnes v. Rhode Island Public Transit Authority*, 242 A.3d 32, 36-37 (R.I. 2020)). "As we have explained previously, 'we will not give life to arguments that [the] plaintiff has failed to develop on his own.'" *Id.* (quoting *McMahon v. Deutsche Bank National Trust Company*, 131 A.3d 175, 176 (R.I. 2016)). In *Jenkins*, this Court concluded that "[g]iven the cursory nature of [the] plaintiff's Rule 12A statement, and [his] failure to inform this Court of the issues argued on appeal, we deem these issues waived." *Id.* at 1272.

Here, in a seven-paragraph statement, filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, the plaintiff has not articulated any meaningful argument for our review whatsoever.[2] The plaintiff neither directs this Court to review any portions of the transcripts submitted with the plaintiff's appeal that contain the trial justice's purported errors, nor has the plaintiff cited to any caselaw or other authority to support his contentions that the trial justice erred when she granted the defendant sole custody and permission to relocate with the

---

[2] *See* Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, entitled, "Statement of the Case; Single Justice Conferences; Hearing Panels."

minor child to Bolivia.  Therefore, we deem the plaintiff's arguments waived. There is nothing in the record before us to suggest that the trial justice abused her discretion in awarding the defendant sole custody of the minor child and granting the defendant's request to relocate with the minor child to Bolivia.

Accordingly, we affirm the order of the Family Court.  The papers in this case may be remanded to the Family Court.

Entered as an Order of this Court this __23__ day of ___June____, 2025.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Eddy Mendez v. Jennifer Arancibia. | |
| **Case Number** | No. 2024-224-Appeal.<br>**(**P 21-3151) | |
| **Date Order Filed** | June 23, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Family Court | |
| **Judicial Officer from Lower Court** | Associate Justice Patricia K. Asquith | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Miguel R. Hernandez, Esq. | |
| | For Defendant:<br><br>Christopher J. Biafore, Esq. | |

SU-CMS-02B (revised November 2022)