**Supreme Court**
No. 2016-074-Appeal.
(K 13-191M)

Thomas Giddings          :

v.               :

Nicole Arpin.          :

**O R D E R**

Thomas Giddings (plaintiff or Giddings) appeals a Family Court order that modified custody in response to an emergency motion for custody brought by the child's mother, Nicole Arpin (defendant or Arpin). This case came before the Supreme Court on May 2, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing counsels' arguments and reviewing the parties' memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide this appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the order of the Family Court.

On May 4, 2015, defendant called the Warwick Police Department to request a well-being check on her son because she was concerned that plaintiff was driving while intoxicated with their son in his vehicle. Officer John Curley of the Warwick Police Department arrived at the scene and found plaintiff sitting in a parked vehicle with the motor running, while the child played basketball in the parking lot. After plaintiff failed a field sobriety test, he was removed from the vehicle and the child was taken to a family friend's house. Eileen Cook, a Child Protective Investigator at the Department of Children, Youth, and Families (DCYF), was assigned to the case and placed the child with his mother, defendant.

- 1 -

On May 5, 2015, defendant filed a pro se emergency motion for custody.[1] That same day, a justice of the Family Court entered an ex parte order that awarded defendant temporary custody and placement of the child. On May 6, 2015, plaintiff moved to vacate the order, which the justice denied. In her order denying the motion to vacate, the justice scheduled the matter for a full hearing to address the issue of child placement and "all issues presenting." On May 15, 2015, prior to the hearing, the Family Court justice entered a consent order that addressed visitation and ordered five-day alcohol screens for both parties.

On June 8, 2015, another justice of the Family Court conducted a hearing on defendant's motion for custody. At the hearing, defendant testified and presented three witnesses: Officer Curley, Eileen Cook, and Charlene Vincent, a friend of both plaintiff and defendant. At the conclusion of defendant's case, plaintiff moved to dismiss the motion and argued that defendant failed to prove that plaintiff, as the parent with "custody and physical possession of the minor child," was unfit. The hearing justice reserved decision on this motion.

On June 15, 2015, the hearing justice issued a bench decision on defendant's custody motion. She noted that defendant's burden was "to prove a substantial change of circumstances in order to change custody on a permanent basis." The hearing justice made multiple factual findings, including that, at the time plaintiff was granted sole custody of the child, defendant "was in active addiction." She noted, however, that defendant had been sober since November 10, 2013, and has had her two other children returned to her. The hearing justice pointed out that she conducted an in-camera interview with the child; and, based on that interview, she believed

---

[1] Although not specifically cited in defendant's original motion or the papers before this Court, during oral argument the parties stated that the motion was made pursuant to Rule 65 of the Family Court Rules of Domestic Relations Procedure.

that the child had missed plaintiff and had a close bond with him. She found that the child also had a good relationship with defendant.

Based on the close bond between plaintiff and the child and the length of time that the child had lived with him, the hearing justice returned placement to plaintiff, with the following conditions imposed: five-day alcohol screens for the next three months; continued Family Care Community Partnership (FCCP) services for the child; and a requirement that neither party say anything derogatory about the other party to the child or discuss the court proceedings with him. Additionally, if plaintiff was subsequently arrested for driving while impaired with the child in the car, he could lose placement of the child. The hearing justice then stated that she thought that there should be joint custody and a fixed visitation schedule. When asked whether plaintiff objected to joint custody, his counsel responded, "My client, prior to the hearing today, indicated that he wanted to have the court order of 2013 maintained and that he would provide her visitation." In reply, the hearing justice noted that "the [c]ourt can certainly give any relief that it wants that was less than was asked for, the [c]ourt is going to change the order [to] joint custody." She then referred the parties to mediation to work out a visitation schedule.

On December 27, 2015, the hearing justice entered an order that restated much of her bench decision. In pertinent part, the order: returned placement of the child to plaintiff under the above-mentioned conditions, granted joint legal custody of the child to the parties, and ordered that defendant be advised of and given access to all medical, educational, social, religious, and extracurricular activity information. That same day, another order was entered that set forth the visitation schedule.

On January 12, 2016, plaintiff appealed to this Court.[2]  On appeal, plaintiff maintains that a hearing was held on December 15, 2015, regarding his objection to the proposed order, wherein he argued "that he was being deprived of procedural due process of law" and that the hearing justice "awarded [defendant] more relief than she prayed for or was deserving of."  The plaintiff also argues that "he was denied notice of the pendency of any other relief prayed for and was likewise denied the opportunity to prepare and defend[.]"  He asks this Court to vacate the order as to the relief granted to defendant, which she did not request in her motion for custody.

On July 5, 2016, defendant moved to dismiss plaintiff's appeal on the grounds that his prebriefing statement did not comply with Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure.[3]  Specifically, defendant argued that plaintiff's unnumbered, three-page prebriefing statement failed to:  identify any specific provision of the hearing justice's order that he is challenging, note where in the record he raised the issue below, set forth an argument supported by specific facts and law, and develop a "meaningful discussion" of the issues alleged.  The defendant also argued that plaintiff, in addition to erroneously citing to a hearing date that never occurred (December 15, 2015), failed to provide this Court with a transcript of the December 7, 2015 hearing where plaintiff allegedly raised the issues below.  On October 14, 2016, this Court denied defendant's motion to dismiss this appeal.

In her statement to this Court, defendant again challenges plaintiff's inadequate and unsupported prebriefing statement, as it required defendant's counsel to guess what plaintiff is arguing on appeal.  Nonetheless, defendant maintains that the hearing justice correctly

---

[2] The Family Court docket reveals that the notice of appeal was amended on January 19, 2016.
[3] Article I, Rule 12A(1) of the Supreme Court Rules of Appellate Procedure requires an appellant to "file a statement of the case and a summary of the issues proposed to be argued * * * ."

recognized that a substantial change of circumstances justified a modification of the custody arrangement, including defendant's sobriety and the return of her other children to her.

The plaintiff's sparse prebriefing statement fails to articulate the issues he is raising on appeal. He puts forth undeveloped arguments alleging that he was denied procedural due process of law because he did not receive "notice of the pendency of any other relief prayed for." The plaintiff then references, again without development or analysis, the due process clause of the Fourteenth Amendment to the United States Constitution and Rule 4 of the Family Court Rules of Domestic Relations Procedure. As noted above, plaintiff asserts that at a hearing on December 15, 2015, he objected to the proposed order on the grounds that he was denied procedural due process. The record reveals and the parties confirmed at oral argument, however, that the hearing actually occurred on December 7, 2015, and plaintiff failed to provide us with a transcript of this hearing. Thus, we cannot determine whether he raised any challenges below.[4]

Without belaboring the point, the plaintiff has failed to develop his arguments or provide any facts or law to support the inartfully raised issues. His three-page prebriefing statement contains only a handful of sentences on the issue of notice and "has not directed our attention with specificity to any error that he alleges has been committed in that regard or otherwise." Nuzzo v. Nuzzo Campion Stone Enterprises, Inc., 137 A.3d 711, 717 (R.I. 2016). This Court has held that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." Giammarco v. Giammarco, 151 A.3d 1220, 1222 (R.I. 2017) (quoting McMahon v. Deutsche Bank National Trust Co., 131 A.3d 175, 176

---

[4] As this Court has stated, the decision to pursue an appeal without providing a transcript of the prior proceedings is "risky business." Bellevue-Ochre Point Neighborhood Association v. Preservation Society of Newport County, 151 A.3d 1223, 1229 n.8 (R.I. 2017) (quoting Holden v. Salvadore, 964 A.2d 508, 513 (R.I. 2009)).

(R.I. 2016) (mem.)).  Given the cursory and undeveloped nature of his prebriefing statement, and its failure to apprise either this Court or the defendant of the issues he is arguing on appeal, we deem these issues waived.

For the reasons set forth, we affirm the order of the Family Court.  The record may be remanded to that tribunal.


Entered as an Order of this Court this 22nd day of May, 2017.

By Order,

_____/s/_____

Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Thomas Giddings v. Nicole Arpin. | |
| **Case Number** | No. 2016-074-Appeal.<br>( 13-191M) | |
| **Date Order Filed** | May 22, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Sandra A. Lanni | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Gary E. Blais, Esq.<br>Donald R. Lembo, Esq. | |
| | For Defendant:<br><br>Lauren E. Jones, Esq. | |