June 7, 2017

**Supreme Court**

No. 2016-47-Appeal.
(KC 15-972)

Tri-Town Construction Company, Inc.  :

v.  :

Commerce Park Associates 12, LLC et
al.  :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Tri-Town Construction Company, Inc.    :

v.    :

Commerce Park Associates 12, LLC et    :
al.

Present: Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Justice Robinson, for the Court**. At the outset, we note that the parties in the instant case were previously before this Court in <u>Tri-Town Construction Company, Inc. v. Commerce Park Associates 12, LLC</u>, 139 A.3d 467 (R.I. 2016) (<u>Tri-Town I</u>). In our first chapter of <u>Tri-Town</u>, we affirmed a judgment of the Superior Court in favor of the plaintiff, Tri-Town Construction Company, Inc. (Tri-Town or the Judgment Creditor), against the defendants, Commerce Park Associates 12, LLC and Nicholas E. Cambio (the Judgment Debtors), in the amount of $3,911,894.95 (plus post-judgment interest) on claims for breach of a promissory note and breach of a guaranty of that note.[1] <u>Id.</u> at 473.

Before us today, in the second chapter of <u>Tri-Town</u>, solely Mr. Cambio appeals from a particular order of the Superior Court, which reads in pertinent part as follows:

---

[1] It bears mentioning that we also "vacate[d] the award of attorney's fees and remand[ed] th[e] case to the Superior Court for it to consider the testimony or affidavit of an independent attorney regarding the reasonableness and necessity of Tri-Town's fees." <u>Tri-Town Construction Company v. Commerce Park Associates 12, LLC</u>, 139 A.3d 467, 480 (R.I. 2016).

"Tri-Town Construction Company, Inc. shall be the effective assignee and step in the shoes of the Judgment Debtor[,] [Mr. Cambio,] and litigate any and all claims of the Judgment Debtor arising out of the Choses in Action, up to the amounts necessary to satisfy Judgment in this action in the amount of $3,911,894.95, plus attorney's fees totaling $43,227.25 through October 16, 2014, and post-judgment interest to accrue pursuant to the contractual rate of 7% per annum."[2]

In his appellate papers, Mr. Cambio contends the following: (1) "[t]he order substituting Tri-Town for Cambio as the party to litigate Cambio's claims is immediately appealable;" (2) "[t]he Superior Court exceeded its authority [under G.L. 1956 § 9-28-1[3]] when it ordered that Tri-Town * * * step in the shoes of the Judgment Debtor and litigate any and all claims," "in light of Tri-Town's pleadings which failed to put Cambio on notice that it would be substituted as the claimant in the receivership proceedings;" and (3) "[t]he substitution of an adversary to litigate the interests of its opponent violates the fundamental principles behind the Rules of Professional Conduct." As might be expected, Tri-Town argues that "[i]t is clear from the language" of § 9-28-1 that "[t]he Superior Court * * * properly exercised its authority in issuing the attachment order."

---

[2]     With respect to the contested order of the Superior Court, it is clear that "the Judgment Debtor" mentioned therein refers solely to Mr. Cambio.

[3]     General Laws 1956 § 9-28-1 reads as follows:

> "Any judgment creditor, after his or her execution has been returned wholly or in part unsatisfied, may, by civil action in the nature of a creditor's bill, reach and apply and subject to the payment and satisfaction of his or her judgment any equitable estate, any equitable assets, or any choses in action of the judgment debtor, except such as shall be exempt from attachment by virtue of statutory provision. The remedy provided by this section shall be cumulative and shall not supersede any existing remedy."

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time. And, relying solely on the ground that the issue raised on appeal is not properly before us due to our raise-or-waive rule, we affirm the order of the Superior Court.

**I**

**Facts and Travel**

On October 9, 2015, Tri-Town filed a "Creditor's Equitable Action" pursuant to § 9-28-1, seeking a judgment that authorized attachment of the Judgment Debtors' "Estate, including but not limited to all bank accounts, automobiles, fixed assets and tangible assets, real estate holdings * * *, choses in action, and all other assets of the Judgment Debtor forthwith" as well as "any other further just relief as this [c]ourt deems proper." Then, approximately five days later, Tri-Town filed a motion entitled, "Motion to Attach the Chose in Action of the Judgment Debtors." In that motion, Tri-Town requested the following relief:

> "1. Granting the Judgment Creditor's Motion to Attach the Chose in Action of the Judgment Debtors; 2. Authorize the Judgment Creditor to reach and apply and subject to the payment as satisfaction of its Judgment any choses in action of the Judgment Debtors; 3. Declare that the Judgment Creditor shall reach and apply and subject to the payment as satisfaction of its Judgment the chose in action of the Judgment Debtors entitled Nicholas E. Cambio, Trustee, and Nicholas E. Cambio, Roonie A. Malafronte and Vincent A. Cambio Trust v. Commerce Park Realty, LLC, et al., C.A. No.: PM-13-0350, consolidated with Matthew J. McGowan, as and only as Receiver for Commerce Park Realty, LLC, et al. v. Commerce Park Management, LLC, C.A. No.: PB-

- 3 -

2013-5001 [(hereinafter referred to as "the receivership cases")], whereby any and all disbursements to the Judgment Debtors arising out of such chose in action shall be attached by and distributed to the Judgment Creditor; and 4. Any and all other just relief that this [c]ourt deems is appropriate." (Emphasis omitted.)

The record reflects that, on October 14, 2015, Mr. Cambio was served with both of the above-referenced documents, in addition to a summons, at his dwelling house or usual place of abode, said service being made upon a person of suitable age and discretion then residing therein—viz., the wife of Mr. Cambio, Regina Cambio. On that same date, Commerce Park Associates 12, LLC (CPA 12) was served with the same papers, said service being made upon a person employed by the corporation—viz., the attorney of CPA 12.

Some two weeks later, on October 28, 2015, the Judgment Debtors jointly answered and filed an objection entitled, "Defendants Commerce Park Associates 12, LLC and Nicholas E. Cambio's Objection to Motion to Attach Chose in Action." In that objection, they asserted that "neither defendant ha[d] been served with a summons for th[e] new action" and that "no stipulation accepting service ha[d] been executed." In addition, the Judgment Debtors argued that "Tri-Town's motion violate[d] the stay issued in the receivership cases," contending that another justice of the Superior Court had "asserted 'in rem' jurisdiction over the 'chose in action' that Tri-Town * * * s[ought] to attach." The following day (October 29), Tri-Town filed a reply entitled "Creditor's Reply to the Debtors' Objection to the Creditor's Motion to Attach the Chose in Action of the Debtors," which included two exhibits that indicated valid proof of service. Moreover, Tri-Town contended that its "motion to attach the chose in action of the judgment debtors d[id] not violate the stay issued in the receivership cases." It is noteworthy that Tri-Town explained in its reply papers that "[t]he instant motion ha[d] been filed solely for the purpose of allowing the Judgment Creditor to exercise its rights under Rhode Island General Law

- 4 -

§ 9-28-1, that being <u>the ability to step in the shoes of the Judgment Debtors within the Receivership matter</u> and receive any payments and distributions derived therein."  (Emphasis added.)

The record reflects that, at a hearing on October 30, 2015, it was made clear that Tri-Town sought to "not only attach, but be able to step into the shoes of Mr. Cambio in * * * [the receivership] proceedings to protect and ensure that payments that would be due to Mr. Cambio, come to [Tri-Town] as the judgment creditor."  Upon being questioned by the hearing justice about the procedure set forth in § 9-28-1, counsel for Tri-Town initially read the text of that statute into the record verbatim; thereafter, he and the hearing justice engaged in the following dialogue about the issue now on appeal:

> "[THE COURT]: And is assignment of essentially a judgment debtor's claim in a different proceeding considered a chose in action?
> "[COUNSEL]: Yes, it is, your Honor.  So it's just the same as if you had a -- let's say you had a breach of contract action for a failure to pay a promissory note, that is essentially almost commercial paper and you could assign that action to me and I could step into your shoes and prosecute that action for my benefit.
> "[THE COURT]: So would you actually enter an appearance on behalf of Tri-Town in the litigation in which Mr. Cambio is the plaintiff?
> "[COUNSEL]: I would, your honor."

At no point during the above-quoted dialogue did counsel for Mr. Cambio voice any objection.  In fact, at a later juncture, counsel stated that it was his "understanding" that Tri-Town was "attempting * * * to step into the shoes of the claims that were filed in [the] receivership" cases.  In an effort to dispel any possible ambiguity, the hearing justice sought clarification from counsel for Mr. Cambio: "Now, I'm not sure what your objection is * * * to allowing [Tri-Town] to proceed under the statute with the charging order and to pursue these claims in Cambio's shoes."  In response, counsel for Mr. Cambio articulated two arguments: (1)

- 5 -

that the stay entered in the receivership cases precluded Tri-Town's motion because another justice of the Superior Court had already "exercised in rem jurisdiction over the res that Tri-Town * * * wants to take over;" and (2) that Tri-Town's motion was premature because, at that point in time, the judgment in Tri-Town I was pending on appeal before this Court. At the conclusion of the hearing, after having considered the record and the arguments of counsel, the hearing justice granted the relief sought by Tri-Town; and, on November 3, 2015, he entered the following order:

> "1. That Tri-Town['s] * * * Motion to Attach the Choses in Action of the Judgment Debtor is GRANTED; 2. That Tri-Town * * * shall reach, apply and subject to the payment satisfaction of its Judgment, the Choses in Action of the Judgment Debtor in those matters entitled Nicholas E. Cambio, Trustee, and Nicholas E. Cambio, Roonie A. Malafronte and Vincent A. Cambio Trust v. Commerce Park Realty, LLC, et al., C.A. No.: PM-13-0350, consolidated with Matthew J. McGowan, as and only as Receiver for Commerce Park Realty, LLC, et al. v. Commerce Park Management, LLC, C.A. No.: PB-2013-5001 (the 'Chose in Action'); 3. That any and all payments, amounts, distributions, assets and/or any monies that shall be disbursed to or for the benefit of the Judgment Debtor from any of the Choses in Action shall be charged to and for the benefit of Tri-Town * * *; and 4. That Tri-Town * * * shall be the effective assignee and step in the shoes of the Judgment Debtor and litigate any and all claims of the Judgment Debtor arising out of the Choses in Action, up to the amounts necessary to satisfy Judgment in this action in the amount of $3,911,894.95, plus attorney's fees totaling $43,227.25 through October 16, 2014, and post-judgment interest to accrue pursuant to the contractual rate of 7% per annum." (Emphasis omitted.)

## II

### Standard of Review

This Court staunchly adheres to our long-standing raise-or-waive rule. DeMarco v. Travelers Insurance Co., 26 A.3d 585, 628 (R.I. 2011) ("[W]e do not consider issues on appeal which were not raised and properly presented during proceedings in the court below."); Pollard

v. Acer Group, 870 A.2d 429, 433 (R.I. 2005) ("[N]o issues may be raised on appeal unless such issues were presented to the trial court in such a posture as to alert the trial justice to the question being raised") (internal quotation marks omitted). "That venerable rule provides that an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review." In re Shy C., 126 A.3d 433, 434-35 (R.I. 2015) (internal quotation marks omitted); see also O'Connor v. Newport Hospital, 111 A.3d 317, 322 (R.I. 2015); Waterman v. Caprio, 983 A.2d 841, 848 (R.I. 2009).

### III

### Analysis

Especially pertinent to the case at bar, at the hearing on October 30, 2015, the hearing justice asked both parties on several occasions whether § 9-28-1 permitted assignment—i.e., stepping into the shoes, to which Tri-Town consistently answered in the affirmative. In stark contrast, counsel for Mr. Cambio opted not to voice his objection at that juncture or otherwise articulate an argument on that particular issue. A careful review of the record indicates that the parties appeared to be in agreement that § 9-28-1 authorized the relief sought by Tri-Town.[4] It follows that Mr. Cambio thereby waived his opportunity to challenge before us the Superior Court's authority under § 9-28-1 to assign his choses in action to Tri-Town. In our view, this case falls within the ambit of the raise-or-waive rule; and we perceive no exceptional circumstances indicating that said rule should not apply in this instance.

---

[4] Although we acknowledge that, at a hearing on December 4, 2015, counsel for Mr. Cambio eventually expressed disagreement with Tri-Town's interpretation of § 9-28-1, that belated expression of disagreement was not sufficiently timely to render our raise-or-waive rule inapplicable.

**IV**

**Conclusion**

Accordingly, we affirm the order of the Superior Court because the issue raised on appeal has effectively been waived.[5] The record may be returned to that tribunal.

Justice Indeglia did not participate.

---

[5]     We pause to note that we expressly refrain from passing on the legal correctness of the challenged order of the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Tri-Town Construction Company, Inc. v. Commerce Park Associates 12, LLC et al. |
| **Case Number** | No. 2016-47-Appeal. (KC 15-972) |
| **Date Opinion Filed** | June 7, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Allen P. Rubine |
| **Attorney(s) on Appeal** | For Plaintiff: Vincent A. Indeglia, Esq. Ryan J. Lutrario, Esq. For Defendants: Richard G. Riendeau, Esq. |