For Plaintiff: Justin Pierce, Esq., Michael R. Hagopian, Esq.
Alan Dale Sampson, Pro Se
Mark D. Sampson, Pro Se
Nakiesha Morales, Pro Se
Grace Sumney, Pro Se
Cynthia Sampson, Pro Se
Jaevon Sampson, Pro Se
Karen Marie Sampson, Pro Se
Serena Michelle Sampson, Pro Se
Grace F. Sampson, Pro Se
ORDER
The pro se defendants, Karen Marie Sampson and Alan Dale Sampson,[1] appeal from two June 23, 2016 orders of the Superior Court dismissing their appeals and affirming a District Court judgment in favor of the plaintiff, Deutsche Bank National Trust Company.[2] This case came before the Supreme Court on April 5, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.
In March of 2015, following the conclusion of foreclosure proceedings,[3] plaintiff filed a complaint in the District Court seeking to evict the eight defendants named in the complaint from the property located at 62 Potowomut Road in Warwick. On September 29, 2015, a trial was held, and the District Court awarded plaintiff possession of 62 Potowomut Road as well as $28,500 in damages. (At oral argument before this Court, plaintiff represented that the damages award was calculated to reflect the fair rental value of the property as measured from December 15, 2014-the date on which notices to quit were sent to all defendants, until September 29, 2015-the date on which judgment was entered in the District Court.) On October 2, 2015, Alan filed a timely notice of appeal to the Superior Court from the District Court judgment.[4]
*550 On appeal to the Superior Court, a justice of that court entered separate orders as to Alan and Karen, indicating that their appeals had been dismissed for failure to comply with G.L. 1956 § 34-18-52, which requires payment of rent during the pendency of an appeal. On June 29, 2016, the trial justice entered "amended order[s]" as to each of the defendants, stating that he was dismissing their appeals based on their "fail[ure] to appear for trial * * *." A timely appeal to this Court ensued.
The plaintiff acknowledged at oral argument before this Court that, after defendants had filed their appeal from the orders of the Superior Court, plaintiff sold the property at issue to another entity and that, as such, plaintiff no longer had any right to possession of that property.[5] Accordingly, insofar as the Superior Court orders affirm the judgment of the District Court awarding plaintiff possession of the property at issue, we dismiss the appeals as moot. See Preservation Society of Newport County v. City Council of City of Newport , 155 A.3d 688, 692 n.7 (R.I. 2017) ("This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy.") (quoting Hallsmith-Sysco Food Services, LLC v. Marques , 970 A.2d 1211, 1213 (R.I. 2009) ).
Insofar as the Superior Court orders affirm the judgment of the District Court awarding plaintiff $28,500 in damages, we note that defendants have presented no briefing or oral argument to this Court with respect to that issue. Accordingly, we conclude that defendants have waived their rights to appellate review of said issue. See Nuzzo v. Nuzzo Campion Stone Enterprises, Inc. , 137 A.3d 711, 717 (R.I. 2016) (declining to address an argument raised by an appellant on appeal due to his failure to have "directed our attention with specificity to any error that he alleges has been committed"); see also Town Houses at Bonnet Shores Condominium Association v. Langlois , 45 A.3d 577, 584 (R.I. 2012) (indicating that the appellant's contentions on appeal were "meritless because they were not sufficiently developed in his written submissions to this Court"); Tri-Town Construction Co., Inc. v. Commerce Park Associates 12, LLC , 161 A.3d 500, 504 (R.I. 2017) ; Giddings v. Arpin , 160 A.3d 314, 316 (R.I. 2017) (mem.). Accordingly, we affirm the orders of the Superior Court dismissing the appeals as to the damages issue.
For the reasons set forth herein, we dismiss on the ground of mootness the instant appeal with respect to the issue of possession of the property, and we affirm the orders of the Superior Court dismissing the appeals from the judgment of the District Court with respect to the issue of damages. The record may be remanded to the Superior Court.

In this Order, we will usually refer to the defendants by their first names for the purpose of clarity; in doing so, we intend no disrespect.

Alan and Karen Sampson were the only defendants who filed notices of appeal to this Court. Accordingly, the other defendants in this case are not properly before us.

In 2006, Grace Sumney and Cynthia Sampson executed a mortgage in connection with the purchase of the property located at 62 Potowomut Road. The plaintiff has indicated that it foreclosed on that property in February of 2014; the validity of that foreclosure has not been contested.

It is not clear from the record before us that Karen filed an appeal to the Superior Court from the District Court judgment. However, assuming without deciding that she did so, our rulings in this case (as discussed infra ) remain the same.

On April 9, 2018, plaintiff filed with this Court a "Suggestion of Mootness on the Record," paragraph four of which states: "As Plaintiff no longer holds title to the property, and there is no case or controversy, this action should be rendered as moot."