**Supreme Court**
No. 2019-46-Appeal.
(KM 18-308)

Dorothy M. Allegra Revocable Trust – : 
             2001

           v.                :

Deutsche Bank National Trust Company as   :
Trustee for IndyMac INDX Mortgage Loan
Trust 2006-AR 15, Mortgage Pass-Through
     Certificates Series 2006-15.

## O R D E R

The plaintiff, the Dorothy M. Allegra Revocable Trust – 2001 (plaintiff or the trust), appeals from the grant of summary judgment in favor of the defendant, Deutsche Bank National Trust Company (defendant). The plaintiff contends that the defendant conducted an illegal foreclosure sale and that the trial justice granted summary judgment prematurely and therefore erred in doing so. This case came before the Supreme Court on January 28, 2020, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully considering the parties' written and oral submissions and reviewing the record, we are of the opinion that this appeal may be resolved without further argument or briefing. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

The pertinent facts in this case are not in dispute. On March 25, 1987, Salvatore Allegra executed a quitclaim deed in favor of himself and his wife, Dorothy Allegra, as tenants by the entirety, for certain real property located at 607 Budlong Farm Road in Warwick, Rhode Island (the property). On December 7, 2001, the Allegras conveyed their interest in the property to

- 1 -

their respective trusts, as tenants in common. Thereafter, on March 29, 2006, the Allegras executed a promissory note in favor of IndyMac Bank, F.S.B. (IndyMac), in the amount of $1,150,000, and a mortgage deed in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as putative nominee for IndyMac. The mortgage identified the Allegras as "borrowers" and provided that "Borrower is the mortgagor under this Security Instrument."

Just over one year later, on May 1, 2007, Salvatore died; Dorothy died five years later, on September 18, 2012. Subsequently, on May 9, 2013, MERS assigned the mortgage to defendant, and on August 15, 2016, defendant assigned the mortgage to itself, as part of a mortgage-pooling agreement.

On November 1, 2016, defendant, through its attorneys, mailed a notice of intention to foreclose on the mortgage to Salvatore Allegra, Dorothy Allegra, and their respective estates.[1] Notice was also mailed to Joanne Borodemos, in her capacity as executrix of Dorothy's estate, and Doris A. Lavallee, in her capacity as attorney of record for the executrix of Dorothy's estate in the probate court. Additionally, "courtesy notice" was also mailed to "the heirs, devisees and legal representatives of Dorothy Allegra, as the successor in interest to Dorothy Allegra as the surviving mortgagor"; Joanne Borodemos, individually as an heir and interested party; and any occupants of 607 Budlong Farm Road.

On December 23, 2016, defendant conducted a foreclosure sale and purchased the property for $762,500. Thereafter, on February 27, 2017, a foreclosure deed conveying the property to defendant was recorded in the City of Warwick Land Evidence Records. An

---

[1] The property address is also referred to in the pertinent documents as 607 Buttonwoods Shore and 607 Buttonwoods Avenue. The defendant mailed notice to 607 Buttonwoods Avenue, 607 Budlong Farm Road, and 607 Budlong Farm Road AKA 607 Buttonwoods Avenue. The plaintiff does not assert that the foreclosure sale was invalid based on the addresses used.

affidavit of sale in the statutory form, ensuring compliance with the statutory requirement for sale and the terms of the mortgage, was attached to the foreclosure deed.

The plaintiff filed this lawsuit seeking injunctive and declaratory relief, an order quieting title, and attorneys' fees and costs. The defendant filed a motion to dismiss in accordance with Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, arguing that plaintiff had failed to allege that notice of the foreclosure sale was not given to the mortgagors. The plaintiff objected to the motion, contending that the foreclosure was "null and void" because notices of intent to foreclose were prepared and mailed to Salvatore and Dorothy three years after Dorothy had died. The motion to dismiss was then converted to a Rule 56 motion for summary judgment, and defendant filed an affidavit in support thereof.

On August 14, 2018, a hearing was held on the motion before a justice of the Superior Court. At the hearing, defendant argued that "[G.L. 1956 § 34-27-4] requires that notice be given to all mortgagors at their last known address or their property address" and that, despite the fact that they were deceased, the Allegras had been given notice of the foreclosure. Conversely, plaintiff contended in opposition to summary judgment that the proper owner of the property was the trust "and the [t]rust was never noticed, never a party to this, never mentioned at all."

The trial justice noted that § 34-27-4 does not require notice to the owner of the property when the mortgagor has died. He stated that "defendant has presented the note, mortgage, and chain of assignments evidencing the mortgage relationship between the parties, which has not been rebutted by plaintiff." The trial justice further stated that defendant "provided evidence in the form of an affidavit, notice of intent to foreclose, and pre-foreclosure referral letters" that established that the Allegras had not paid their monthly installment payments and were in default

as a result. Therefore, the trial justice found that defendant was entitled to foreclosure, and he granted summary judgment in favor of defendant. The plaintiff timely appealed.

Before this Court, plaintiff asserts that the hearing justice's grant of summary judgment in favor of defendant was "premature and in error on multiple grounds." However, in the Superior Court, the only issue raised by plaintiff before the hearing justice, and thereby preserved on appeal, was whether defendant was required to provide notice to the trust as owner of the property. *See State v. Romero*, 193 A.3d 1167, 1170-71 (R.I. 2018) ("[I]f an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal.") (quoting *Miller v. Wells Fargo Bank, N.A.*, 160 A.3d 975, 980 (R.I. 2017)).

Moreover, despite plaintiff asserting at oral argument before this Court that notice was improper, its written submission to the Court is devoid of any mention that the foreclosure sale was improper because the trust was not notified. The plaintiff has thus waived that issue. *See Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) ("[S]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.") (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)).

Even if the plaintiff had properly raised the argument that notice was improper in its written submission to this Court, such an argument lacks merit. Section 34-27-4(b) provides "that no notice shall be valid or effective unless *the mortgagor* has been mailed written notice of the time and place of sale * * * at the address of the real estate[.]" (Emphasis added.) Indeed, the undisputed evidence demonstrates that Salvatore and Dorothy Allegra were the mortgagors under the mortgage and that they were both mailed written notice of the defendant's intent to foreclose at their last known addresses, in accordance with § 34-27-4(b). Accordingly, for the

- 4 -

reasons stated herein, we affirm the judgment of the Superior Court granting summary judgment in favor of the defendant.  The record shall be returned to that tribunal.

Entered as an Order of this Court this 19th day of February, 2020.

By Order,

_____/s/_____
Clerk

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Dorothy M. Allegra Revocable Trust – 2001 v. Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR 15, Mortgage Pass-Through Certificates Series 2006-15. | |
| **Case Number** | No. 2019-46-Appeal. (KM 18-308) | |
| **Date Order Filed** | February 19, 2020 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Daniel A. Procaccini | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jay R. Katznelson, Esq. | |
| | For Defendant:<br><br>Jeffrey C. Ankrom, Esq.<br>Robert J. Durant, Jr., Esq. | |