**Supreme Court**
No. 2019-393-Appeal.
(KD 19-403)

SIB Properties, LLC          :

v.          :

Alan Sampson et al.          :

## O R D E R

The *pro se* defendants, Alan Sampson, Mark Sampson, and Karen Sampson (collectively defendants),[1] appeal from a Superior Court judgment entered in favor of the plaintiff, SIB Properties, LLC, in this eviction action.[2] This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] We refer to the individual defendants by their first names for purposes of clarity; no disrespect is intended.

[2] Alan, Mark, and Karen were the only defendants to perfect their appeal to the Supreme Court by filing notices of appeal and paying the filing fee, as required by Article I, Rule 5(a) of the Supreme Court Rules of Appellate Procedure. Accordingly, the additional defendants in this case, Jada Sampson, Jaevon Sampson, and Serena Sampson, who were also occupants of the property at issue in this appeal, are not properly before the Court.

The underlying facts of this matter are described in *Deutsche Bank National Trust Company v. Morales*, 185 A.3d 549 (R.I. 2018) (mem.). In 2006, Grace Sumney and Cynthia Sampson granted a mortgage on real property located at 62 Potowomut Road in Warwick, Rhode Island (the property). *Morales*, 185 A.3d at 549 n.3. In 2014, Deutsche Bank National Trust Company (Deutsche Bank) foreclosed on the mortgage; in 2015, Deutsche Bank filed an eviction action against defendants in Rhode Island District Court. *Id.* at 549. The District Court judge found in favor of Deutsche Bank, awarding it possession of the property. *Id.* The defendants thereafter pursued appeals in Superior Court, which were dismissed. *Id.* at 550. They then filed notices of appeal to this Court. *Id.* This Court issued its decision on June 13, 2018, dismissing the appeal with respect to the issue of possession on the ground of mootness, because Deutsche Bank had sold the property and, therefore, no longer had any right to possession of the property. *Id.*

The plaintiff took ownership of the property on June 1, 2018.[3] On November 28, 2018, plaintiff sent a notice to vacate to defendants, as well as to the other occupants of the property, demanding that they vacate the property and remove all possessions on or before December 9, 2018. The defendants did not vacate the property. The plaintiff thereafter filed a complaint in the District Court, seeking to

---

[3] Joseph Abatiello, the principal member of the plaintiff limited liability company, testified that plaintiff purchased the property from Villa Investments, LLC.

- 2 -

evict the six defendants named in the complaint, and all other occupants, from the property. A trial was held in April 2019, and the District Court awarded plaintiff possession of the property. Judgment to that effect entered on April 5, 2019, and on April 8, 2019, Alan filed a timely notice of appeal to the Superior Court.[4]

After a two-day trial, the Superior Court justice granted plaintiff possession of the property, and an order to that effect was entered on May 13, 2019. Final judgment entered the same day. The defendants filed timely notices of appeal to this Court.

Prior to filing notices of appeal, Karen filed a motion for a stay of execution in Superior Court on May 28, 2019, and a hearing was held. An order entered on June 11, 2019, denying Karen's motion for a stay of execution; however, the order stated that the execution of judgment would be stayed ten days to allow defendants to file a motion to stay in this Court. On June 27, 2019, this Court denied Karen's motion for a stay, which she had filed on June 5, 2019. On June 28, 2019, the executions on the judgment granting plaintiff possession of the property were issued by the Superior Court. According to defendants, a constable and Warwick police

---

[4] Mark additionally filed a notice of appeal from the District Court action, which plaintiff contested as untimely; and Karen did not file a notice of appeal from the District Court action. The Superior Court, however, permitted both Mark and Karen to proceed as appellants in the Superior Court, but shortly thereafter Mark was removed from the courtroom for disruptive behavior and never participated in those proceedings.

- 3 -

officers arrived at the property on June 29, 2019, with the executions. The defendants' belongings were removed from the property, and plaintiff took possession of the property.

"[I]t is well settled that this Court will not disturb the findings of a trial justice sitting without a jury unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence[.]" *Gregoire v. Baird Properties, LLC*, 138 A.3d 182, 191 (R.I. 2016) (brackets omitted) (quoting *South County Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 210 (R.I. 2015)). "On review, we accord great weight to a trial justice's determinations of credibility, which, inherently, are the functions of the trial court and not the functions of the appellate court." *Id.* (brackets omitted) (quoting *McMahon*, 116 A.3d at 210).

The defendants raise multiple arguments on appeal. First, defendants argue that the District and Superior Court trials were unfair because, they assert, there was still an open eviction case brought by Villa Investments, LLC, the prior owner of the property, that had not been resolved at trial. We can dispense with this argument easily because Villa Investments, LLC, no longer owns the property and, therefore, has no right to possession of that property. Accordingly, the trial justice did not err in finding that case to be moot.

The defendants next assert that they did not receive the June 27, 2019 order and the June 28, 2019 executions on the judgment until July 1, 2019. The defendants

seem to suggest that it was not proper for the constable to go to the property to evict them until they received the documents in the mail.  The defendants, however, do not claim that the constable failed to present them with an issued execution or that they were unaware of the denial of their motion to stay after it was considered by this Court; they simply assert that the order and execution were not received by them until July 1, 2019.  Furthermore, even if defendants were unaware of the denial of their motion to stay, it is their obligation to contact the clerk's office to find out whether an order has issued, rather than to wait until a copy is mailed to them. *See UAG West Bay AM, LLC v. Cambio*, 987 A.2d 873, 879 (R.I. 2010) (noting that "it is incumbent upon the party intending to appeal to be watchful for the entry of a valid judgment" (brackets omitted) (quoting *Blais v. Beacon Mutual Insurance Co.*, 812 A.2d 838, 839 (R.I. 2002) (mem.))).

Finally, Mark contends that Alan's constitutional rights were violated when he was barred from entering the courthouse because court security determined that his "turtle claw" necklace "could be potentially used as a weapon[.]"  "[S]tanding is generally limited to those [parties] asserting their own rights, not the rights of others." *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 535 (R.I. 2013).  Mark does not assert an exception to this general rule, nor did he expand on how the determination to bar Alan from the courtroom on the second day of proceedings due to a security concern was in error.

For the reasons set forth herein, we affirm the judgment of the Superior Court.

The record may be remanded to the Superior Court.

Entered as an Order of this Court this 26th day of May , 2021.

By Order,

_____/s/_____

Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | SIB Properties, LLC v. Alan Sampson et al. | |
| **Case Number** | No. 2019-393-Appeal.<br>(KD 19-403) | |
| **Date Order Filed** | May 26, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Tiffinay Antoch, Esq. | |
| | For Defendants:<br><br>Alan Sampson, Pro Se<br>Mark Sampson, Pro Se<br>Karen Sampson, Pro Se | |