No. 2019-428-Appeal.

Vera Lucia Alves Bispo        :

v.                            :

Cracker Barrel Old Country Store,     :
            Inc.

## O R D E R

The instant case arises as a result of allegations by the plaintiff, Vera Lucia

Alves Bispo, that the defendant, Cracker Barrel Old Country Store, Inc. (Cracker

Barrel), discriminated against her because of her race.  This case came before the

Supreme Court for oral argument pursuant to an order directing the parties to show

cause why the issues raised in this appeal should not be summarily decided.  After

examining the written submissions of the parties,[1] we are of the opinion that cause

has not been shown and that the appeal may be resolved without further briefing or

argument.  For the reasons set forth in this order, we affirm the order of the

Superior Court.

---

[1]     We would note that Ms. Bispo did not appear before this Court for oral argument, although she had been provided with notice thereof.  Accordingly, we have decided the appeal on the papers.

On March 8, 2019, Ms. Bispo, a self-represented plaintiff, filed a complaint in the Providence County Superior Court, alleging that she had been discriminated against by defendant because of her race. Ms. Bispo stated that she had been shopping at a Cracker Barrel store in Coventry, Rhode Island, when a store employee approached her and asked if she needed any help. Ms. Bispo further alleged that, even though she told the employee that she was "just browsing," the same employee approached her fifteen or twenty minutes later and asked again if she needed any help. Ms. Bispo's complaint also alleged that the Cracker Barrel employee "harassed [her] by following and stalking her" and that "[n]o other customers in the store on that date were subject to the same harassment * * *." She also alleged that Cracker Barrel had "discriminated against the plaintiff because she was black."

On May 3, 2019, Cracker Barrel filed a motion for a more definite statement on the grounds that Ms. Bispo's complaint was "vague and ambiguous" and "fail[ed] to state any specific cause of action to which Cracker Barrel [could] substantively respond in an answer or motion." Cracker Barrel further pointed out that the complaint made "reference to discrimination, but without any clarity as to what specific law or laws Defendant purportedly violated."

On May 8, 2019, Ms. Bispo filed with the court a handwritten document, which she referred to as her "more definite statement." In that document, she

made the following requests: (1) "that all employees of [Cracker Barrel] be afforded the opportunity to visit the African Museum in Washington, D.C. to learn about my people;" (2) that "the person who harassed [her] and discriminated against [her] have to do some community services and 3 hours of African studies;" and (3) that she be paid a very substantial sum of money and "that all assets be frozen until the fulfillment of the requirements."

A hearing took place on May 30, 2019 with respect to Cracker Barrel's motion for a more definite statement and Ms. Bispo's response thereto. On the following day, the hearing justice granted Cracker Barrel's motion and ordered Ms. Bispo to "enter a more definite statement within thirty (30) days from the granting of this Motion, in this case July 1, 2019." Ms. Bispo failed to meet that deadline.

On July 2, 2019, one day after the thirty-day deadline had passed, Cracker Barrel moved to dismiss the case on the grounds that: (1) Ms. Bispo had failed to comply with an order of the Superior Court; and (2) Ms. Bispo's complaint failed to state a claim upon which relief could be granted. The parties were heard with respect to that motion on September 18, 2019. At that hearing, the hearing justice stated as follows:

> "I have reviewed the multiple pleadings or responses that have been submitted by the plaintiff. And even though the plaintiff is self-represented, there is still a requirement that she follow the rules of the state and also follow this [c]ourt's orders.

"A more definite statement was ordered in May. It was not supplied. The document that was filed in August, even if I were to excuse the late filing,[2] still does not meet the standards required to state a cognizable claim. And I am, therefore, granting the defendant's motion to dismiss this complaint."

An order to that effect entered on October 28, 2019, before which time Ms. Bispo filed a premature notice of appeal to this Court.

On appeal, Ms. Bispo filed a two-page prebriefing statement pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. In that statement, Ms. Bispo contends that, when she went to the Cracker Barrel store to buy clothing for her nieces, she was "followed, harassed, stalked, racially profiled and discriminated against because of the color of [her] skin." Nowhere in the course of her Rule 12A statement to this Court does Ms. Bispo provide any developed argument or explanation concerning an assignment of error on the part of the trial justice. As such, Ms. Bispo has waived her right to discuss or develop her arguments before this Court. *See McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.) ("We decline to scour the record to identify facts in support of the plaintiff's broad claims, and we will not give life to arguments that the plaintiff has failed to develop on [her] own. We deem the

---

[2] It should be noted that, on August 9, 2019 (after Cracker Barrel had filed its motion to dismiss the case), Ms. Bispo filed a document with the court which she referred to as her "response to motion to dismiss," which document the hearing justice referred to as the "late filing."

plaintiff's arguments in support of [her] appeal waived."); *see also Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) ("This Court has held that [s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.") (internal quotation marks omitted); *Bucci v. Hurd Buick Pontiac GMC Truck, LLC*, 85 A.3d 1160, 1170 (R.I. 2014).

For the reasons set forth in this order, we affirm the order of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this   14th   day of June, 2021.

By Order,

_____/s/_____
Clerk


**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Vera Lucia Alves Bispo v. Cracker Barrel Old Country Store, Inc. | |
| **Case Number** | No. 2019-428-Appeal. (PC 19-3586) | |
| **Date Order Filed** | June 14, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Vera Lucia Alves Bispo, Pro Se | |
| | For Defendant:<br><br>Aaron A. Spacone, Esq. | |