**Supreme Court**
No. 2022-178-C.A.
(P2/12-1323A)

| | | |
|---|---|---|
| State | : | |
| v. | : | |
| Eric Neufville. | : | |

# O R D E R

This matter came before the Supreme Court pursuant to an order directing that the parties show cause why the issues raised in this appeal should not be summarily decided. After examining the memoranda and arguments presented by the parties, we conclude that cause has not been shown and proceed to decide the appeal at this time. We reverse the judgment and remand this matter to the Superior Court with instructions to enter a new judgment of civil liability.

On November 18, 2013, defendant Eric Neufville (defendant or Neufville) entered a plea of nolo contendere to the charges of obtaining money under false pretenses (count one) and accessing a computer for fraudulent purposes (count three). As relevant to this appeal, Neufville was sentenced to a term of eight years, all of which was suspended with probation, and ordered to pay restitution in the

amount of $2,636.99, a condition of probation that he failed to satisfy. The defendant served nearly his entire probationary sentence concurrent to an unrelated sentence of incarceration.

Approximately six weeks before the expiration of the eight-year probationary sentence, on or about October 7, 2021, the state filed a violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.[1] The report described the violation as: "DEFENDANT UNABLE TO PAY RESTITUTION IN FULL PRIOR TO EXPIRATION OF SENTENCE."

On November 16, 2021—one day before the eight-year probationary sentence expired—the trial justice conducted the Rule 32(f) hearing, during which the state presented, without objection, Neufville's judgment of conviction and a summary of restitution.[2] Thereafter, the state rested its case and the trial justice

---

[1] We recognize that at the time the state filed the Rule 32(f) notice it did not have the benefit of our recent decisions in *State v. Alicea*, 316 A.3d 1177 (R.I. 2024), and *State v. Regan*, 273 A.3d 116 (R.I. 2022). We take this opportunity to observe, however, that this Court is once again confronted with a Rule 32(f) notice filed at the eleventh hour for a defendant's failure to pay restitution. We decry such dilatory conduct and observe that in the event the Superior Court continues to be confronted with an eleventh-hour Rule 32(f) notice for a defendant's failure to satisfy the full amount of his or her restitution, it would behoove a trial justice to require a showing of diligence on the part of the party seeking enforcement. Our resolution of this appeal renders any further discussion of this practice or its consequences unnecessary.

[2] The record evinces that Neufville was presented before the Superior Court on November 9, 2021, and then again appeared before the Superior Court on November 15, 2021.

afforded defendant the opportunity to present evidence. Neufville did not present any evidence; rather, he argued that, because he was incarcerated for the last eight years, he lacked the ability to tender restitution payments; and he further argued that, because he was presented as a Rule 32(f) violator days earlier, he was not afforded a fair opportunity to present a defense.[3] After considering the evidence, the trial justice observed that "not a single dollar has been paid towards that restitution amount" and she thus declared Neufville "in violation of the terms and conditions of his sentence." The trial justice continued this matter until mid-February 2022 for sentencing. Neufville filed a notice of appeal, and on June 17, 2022, the appeal was docketed in this Court. Importantly, after the expiration of defendant's probationary sentence—and after the docketing of this appeal—Neufville continued to appear before the Superior Court on multiple occasions for sentencing, culminating on October 6, 2023, when the Superior Court entered a judgment of civil liability in the amount of $2,486.94. *See* G.L. 1956 § 12-28-5.1.[4]

---

[3] On appeal, Neufville does not raise the inability to present a defense to the probation-violation charge, and therefore, we have no occasion to consider such an argument. *See Drew v. State*, 198 A.3d 528, 530 (R.I. 2019) (mem.) (holding that failure to meaningfully develop an appellate argument constitutes waiver). Neufville also challenges on appeal the jurisdiction of the Superior Court to hear the probation-violation charge due to a drafting error in G.L. 1956 § 12-19-9. We decline to address this argument in light of our resolution of the appeal.

[4] General Laws 1956 § 12-28-5.1, entitled "Restitution," provides:

- 3 -

The Superior Court did not impose a sentence upon Neufville for violating the terms and conditions of probation, either during the probationary term or at any time thereafter.

We agree with the state's submission made during oral argument that this appeal is controlled by *State v. Regan*, 273 A.3d 116 (R.I. 2022). In *Regan*, after defendant was declared a probation violator for failing to satisfy restitution, this Court recognized that "the trial justice continued the sentencing hearing on several occasions in order to keep the sentence 'hanging over his head' so that in the event Regan failed to comply with making payments, the court could 'remove the suspended period of time and order him to serve that amount of time at the ACI.'"

---

> "When the court orders a defendant to make financial restitution to the victim of a crime of which the defendant has been convicted or to which the defendant has pleaded guilty or nolo contendere, a civil judgment shall automatically be entered by the trial court against the defendant on behalf of the victim for that amount. If payment is not made by the defendant within the period set by the court, the civil judgment for the amount of the restitution ordered, plus interest at the statutory amount from the date of the offense, plus costs of suit, including reasonable attorney's fees, shall be enforceable by any and all means presently available in law for the collection of delinquent judgments in civil cases generally."

The record indicates that Neufville paid $150 toward restitution, thus accounting for the difference in the amount of restitution ordered and the amount of the civil judgment entered.

*Regan*, 273 A.3d at 121 (brackets omitted).  In so doing, we explained that, although "Regan remains civilly liable for his restitution obligation," due to the expiration of the probationary sentence, "his sentence and the Superior Court's jurisdiction to oversee his probation for the offense for which he was convicted has concluded." *Id.* ("[I]t is well established that a probation violation does not allow the trial justice to extend probation or impose a sentence *after* probation has expired.") (emphasis added).

Similarly, in this case, the Superior Court's authority to oversee Neufville's probation concluded when the sentence of probation expired on November 17, 2021; however, the Superior Court continued to convene probation-violation sentencing proceedings, including on October 6, 2023, when it entered a judgment of civil liability.  We also note that when this appeal was docketed on June 17, 2022, the Superior Court was divested of its jurisdiction. *See Thompson v. Thompson*, 973 A.2d 499, 513 (R.I. 2009) ("It is well established that once an appeal has been docketed in this Court, the lower court no longer has jurisdiction.").

For these reasons, the Superior Court was without jurisdiction to enter a judgment of civil liability on October 6, 2023, and we reverse the judgment.  We remand the papers in this case to the Superior Court with instructions to enter a new judgment of civil liability. *See* § 12-28-5.1.

Entered as an Order of this Court this ⎍18th⎍ day of ⎍October⎍, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk

Clerk



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| Title of Case | State v. Eric Neufville. | |
|---|---|---|
| Case Number | No. 2022-178-C.A. (P2/12-1323A) | |
| Date Order Filed | October 18, 2024 | |
| Justices | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| Source of Appeal | Providence County Superior Court | |
| Judicial Officer from Lower Court | Associate Justice Maureen B. Keough | |
| Attorney(s) on Appeal | For State:<br><br>Christopher R. Bush<br>Department of Attorney General | |
| | For Defendant:<br><br>Carl J. Ricci, Esq. | |